UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICTORIA LEANN FUENTES,<br><br>Defendant. | Case No. 1:20-cr-00016-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Victoria Leann Fuentes' Motion for Release from Custody (Dkt. 47) seeking compassionate release pursuant to 18 U.S.C. § 3582(c). The Government has filed a response opposing the Motion. Dkt. 50. After considering the briefing and record, the Court will deny the Motion for the reasons set forth below.

## BACKGROUND

Ms. Fuentes was indicted and pled guilty to one count of possession with intent to distribute fentanyl and on March 10, 2021, she was sentenced to a term of

**MEMORANDUM DECISION AND ORDER - 1**

imprisonment of 51 months to be followed by three years of supervised release. Dkt. 44. She is currently housed at FMC Carswell with a projected release date of September 2, 2024.

In its Judgment, the Court recommended to the Bureau of Prisons that Ms. Fuentes be placed in a facility where her medical needs could be met. Dkt. 44 at 2. Those medical needs included treatment for several health conditions noted in the Presentence Report such as neck and back issues, poor circulation, severe scoliosis, painful leg wounds, and a chronic illness that needed to be monitored. *PSR* ¶ 68. In accordance with the Court's recommendation, the BOP designated her to the Federal Medical Center in Carswell, Texas.

Ms. Fuentes seeks compassionate release on the grounds that she has "a Debilitating Medical Condition." Dkt. 47. She contends that FMC Carswell does not have access to the medical care she requires. Further, she alleges that she contracted Covid during lockdown which "in effect, shows that [she is] in need of better care as [she] was not given a death sentence – but 51 months." Dkt. 47. She seeks release so she can get the medical care she "so desperately need[s]." *Id*. Ms. Fuentes first sought relief from the FMC Carswell Warden, but her request for compassionate release was denied by the Warden on March 28, 2002. *Id*. at 3.

The Government objects on the grounds that she has failed to show how her

**MEMORANDUM DECISION AND ORDER - 2**

medical conditions constitute extraordinary and compelling reasons for release given that she has been vaccinated against COVID-19 and continues to receive adequate treatment for her various conditions at FMC Carswell. The Government also contends that Ms. Fuentes has not shown that the18 U.S.C. § 3553(a) sentencing factors weigh in favor of her release.

## LEGAL STANDARD

To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. 18 U.S.C. § 3582(c)(1)(A). "[A] district court must enforce the administrative exhaustion requirement . . . when the government properly invokes the requirement." *United States v. Keller*, 2 F.4th 1278, 1280 (9th Cir. 2021). If the exhaustion requirement is met, the court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons" for a reduction exist and the court concludes that the 18 U.S.C. § 3553(a) sentencing factors do not weigh against such release. *Id*. at 1283-84 (citing *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021)). A defendant bears the burden of demonstrating that relief is warranted when a motion for compassionate release under § 3582 is filed by the Director of the Bureau of Prisons. *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir, 1998). Given that the Ninth Circuit has not yet considered the

**MEMORANDUM DECISION AND ORDER - 3**

burden issue when the motion is filed by a defendant, district courts have continued to place the burden on the defendant. *See United States v. Blackwell*, No. 1:19-cr-00063-DAD-BAM-1, 2022 WL 2067877, at *4 (E.D. Cal. 2022) (citations omitted).

## ANALYSIS

Ms. Fuentes clearly met the exhaustion requirement of § 3553(c)(1)(A) given that she requested compassionate release from the Warden of FMC Carswell and he denied the request. Dkt. 47 at 3. The Government does not contend otherwise. The Warden denied it on the grounds that she did "not meet the criteria for a Reduction in Sentence based on Medical Circumstances – Debilitated Medical Condition." *Id*. This finding was based on the fact that she is able to complete self-care activities independently and is not confined to a bed or wheelchair more than 50% of waking hours. *Id*.

Because Ms. Fuentes has met the exhaustion requirement, the Court may now consider whether she has carried her two-pronged burden entitling her to release. The Court recognizes that it can deny compassionate release based on either prong, but it will consider both.

### 1.  Extraordinary and Compelling Reasons.

The Court was aware at the time of sentencing of Ms. Fuentes' numerous

MEMORANDUM DECISION AND ORDER - 4

health conditions. In line with the Court's recommendation in the Judgment, the Bureau of Prisons designated FMC Carswell as Ms. Fuentes' place of incarceration. That appears to have been an apt placement.

The Government provided a Legal Resource Guide to the Federal Bureau of Prisons 2019 with its Response. *See* Dkt. 50, Ex. 1. The publication includes information about the various BOP medical centers including Ms. Fuentes' facility:

> **FMC Carswell, Fort Worth, Texas**
>
> Located in Fort Worth in the northeast corner of the Naval Air Station, Joint Reserve Base, FMC Carswell serves as the major medical and psychiatric referral center for female inmates. All specialty areas of medicine are available at FMC Carswell, through in-house staff and community-based consultant specialists.

*Id*. at 28.

As stated above, Ms. Fuentes claims that FMC Carswell does not have access to the medical care she requires and that her various medical needs are not being met. Yet she provides no information on what medical care FMC Carswell cannot access or which of her various conditions are not being properly treated or monitored. Nor does she state what treatment she would seek or how it would differ if she were to be released. The Government submitted over 1300 pages of her medical records from FMC Carswell generated in just over a year that belie her claims that she is not receiving appropriate treatment. Dkt. 50-2. It is unlikely that

**MEMORANDUM DECISION AND ORDER - 5**

she would be able to receive even close to the same level of care if she were to be released.

In her Motion, Ms. Fuentes lists certain other conditions that she claims were in the PSR, but they were not. Some appear to be related to the conditions noted at sentencing. The others are hypertension, asthma, endocarditis, fibromyalgia, Hepatitis C, restless leg syndrome, and left-hand tremors.

A review of Ms. Fuentes' most recent medical records for March and April of 2022 either do not confirm that she has certain conditions or indicate that they are well-managed. For example, her claim of hypertension is not supported by the records that reflect blood pressure readings in what appear to be a normal range. *See*, e.g., Dkt. 50-2, at 2, 8, 11, 17, 26. The Current Diagnoses section of the Clinical Encounter – Administrative Note dated April 4, 2022, does not list hypertension. Dkt. 50-2, at 16. Nor does it list Hepatitis C. *Id*. Asthma is listed, but it appears to be adequately treated by a prescribed inhaler. *Id*. It indicates a prior history of tricuspid endocarditis as opposed to a current issue. *Id*. According to the Exam Comments section of a March 5, 2022, Clinical Encounter, her tricuspid valve was repaired and she has had cardiological consults. Dkt. 50-2, at 12.

As for Ms. Fuentes COVID-related claim, the Court finds that inferring that she is at risk of death due to COVID-19 at FMC Carswell is not credible. The

**MEMORANDUM DECISION AND ORDER - 6**

medical records show that she received two doses of the Moderna vaccine prior to contracting COVID-19 and experienced "just a little cough" and was "fine" when she subsequently contracted it. *Id*. at 902-03. Arguably, her mild symptoms were the result of the vaccinations. She later received a COVID-19 booster. *Id*. at 1144. Furthermore, most of Ms. Fuentes' medical conditions are not of the type that make her more susceptible to serious complications from COVID-19 to begin with, and she has the protective benefit of being fully vaccinated against it.

The Court finds that Ms. Fuentes has not carried her burden of showing her medical issues present extraordinary and compelling reasons justifying compassionate release.

### 2. Applicable § 3353(a) Factors

In sentencing Ms. Fuentes to a term of imprisonment of 51 months, the Court considered the seriousness of Ms. Fuentes' offense, and the need for just punishment, to promote respect for the law, general deterrence, and to avoid unwarranted sentencing disparities. Distribution of fentanyl, a drug responsible for a spike in overdoses nationwide, is a very serious offense in and of itself.[1] But she

---

[1] The seriousness of an offense involving fentanyl is underscored by the article referenced in its Response. Dkt. 50, at 6. *See* https://www.dea.gov/press-releases/2022/04/06/dea-warns-increase-mass-overdose-events-involving-deadly-fentanyl.

**MEMORANDUM DECISION AND ORDER - 7**

had previously been convicted of and sentenced to a seven-year prison term for conspiracy to deliver heroin yet had heroin in her possession at the time of her arrest on the fentanyl charge. Ms. Fuentes was apparently not deterred by her prior sentence, and her own prior extensive drug use suggests that the relatively short time she has been imprisoned on the current offense has not been long enough to deter her from future offenses.

The Court notes and applauds the fact that Ms. Fuentes is participating in the Residential Drug Abuse Program (RDAP) at FMC Carswell. *Govt. Ex. 2* at 3, 10, and 22. However, in and of itself, given her history of drug use leading to distribution offenses, RDAP participation alone is not sufficient to overcome the Court's prior determination of the need for a 51-month sentence to best meet the § 3553(a) factors, including protection of the public.

## CONCLUSION

Ms. Fuentes has failed to meet her burden of demonstrating any basis for relief under 18 U.S.C. § 3582(c)(1)(A).

## ORDER

**IT IS ORDERED that** Victoria Leann Fuentes' Motion for Release from Custody (Dkt. 47) is **DENIED**.

**MEMORANDUM DECISION AND ORDER - 8**



DATED: August 10, 2022



B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 9**